# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK SOLWAY, individually and on behalf
of all others similarly situated,

        Plaintiff,

        vs.                                   Case No. 2:19-cv-12350

ALLIED COLLECTION SERVICES OF
CALIFORNIA, LLC, a California Limited
Liability Company; and, JOHN DOES 1-10,

        Defendants.
                                  /

## **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mark Solway ("SOLWAY"), individually and on behalf of all others similarly situated, against Defendant, ALLIED COLLECTION SERVICES OF CALIFORNIA, LLC ("ALLIED"), based on the following:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, Michigan Occupational Code ("MOC"), M.C.L. §§ 339.915 and 339.918 (or in the alternative, the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.252 ), and California Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788 *et seq*.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

5. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

6. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of a single violation (15 U.S.C. § 1692k), Thus, the FDCPA contemplates holding debt collectors liable for violations regardless of of the collector's intent to violate the Act. *Thompson v. Midland Funding, LLC*, 375 F. Supp. 3d 774, 787 (E.D. Ky. 2019) citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, Jerman, 559 U.S. 573, 557-58 (2010) and *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 494, 498-99

(7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

7. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The least sophisticated consumer standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) (internal quotation omitted). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

8. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

9. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

10. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

11. The RFDCPA regulates debt collectors who, like Defendants, operate within California's borders. The Act's purpose includes "prohibit[ing] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(a)(2)(b).

12. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, MOC, MCPA, RFDCPA, and all other common law or statutory regimes.

13. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## II. PARTIES

14. SOLWAY is a natural person.

15. At all times relevant to this lawsuit, SOLWAY was a citizen of, and resided in, the City of Southfield, Oakland County, Michigan.

16. At all times relevant to the factual allegations of this Complaint, ALLIED was a limited liability company formed under the laws of the State of California.

17. On information and belief, ALLIED maintains its principal place of business at 9301 Oakdale Avenue, Suite 205, Chatsworth, California 91311.

## III. JURISDICTION & VENUE

18. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

19. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because ALLIED is subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

21. ALLIED regularly engages in the collection of defaulted consumer debts.

22. ALLIED regularly collects or attempts to collect debts alleged to be owed to others.

23. ALLIED is a business the principal purpose of which is the collection of defaulted consumer debts.

24. In attempting to collect debts, ALLIED uses the mails, telephone, the internet, and other instruments of interstate commerce.

25. ALLIED mailed or caused to be mailed a letter dated August 8, 2018 ("the Letter") to SOLWAY.

26. A true and correct copy of the Letter is attached as ***Exhibit A***, except the undersigned has partially redacted it.

27. The Letter alleged SOLWAY had incurred and defaulted on a financial obligation (the "Debt"), namely an alleged obligation originally incurred to "West Coast Medical SOLWAM25" for medical services.

28. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

29. The Letter was ALLIED' first written communication to Plaintiff in an attempt to collect the Debt.

30. On information and belief, sometime prior to August 8, 2018, the unknown current creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to ALLIED for collection.

31. The Letter itemized the Debt as follows:

   AMOUNT              $2094.00
   INTEREST:           $115.89
   TOTAL AMOUNT DUE:   $2209.89

32. ALLIED was not legally entitled to collect interest on the Debt from Plaintiff.

33. ALLIED had no contractual right to collect interest on the Debt from Plaintiff.

34. The Letter fails to state whether the interest ALLIED sought to collect was fixed or accruing.

35. The Letter fails to state whether the amount of the Debt was static or dynamic.

36. As such, ALLIED failed to disclose the amount of the Debt in violation of § 1692g(a)(1) of the FDCPA.

37. The Letter also stated: "Original Creditor: West Coast Medical SOLWAM25."

38. Plaintiff does not know of any creditor or other entity named "West Coast Medical SOLWAM25".

39. There is no legal entity named "West Coast Medical SOLWAM25."

40. The Letter does not state the identity of the current creditor to whom the debt is owed as required by § 1692g(a)(2) of the FDCPA.

41. The Letter stated: "Should you wish to cease all further collection procedures, mail in the balance due, or contact me to discuss other arrangements for payment."

42. This statement is false, deceptive, and misleading because the only way for Plaintiff to stop all further collection actions by ALLIED was to send a letter to ALLIED,

requesting that ALLIED cease all communications with him. Upon receipt of such a letter, ALLIED would have been required to cease all further collection communications with SOLWAY. 15 U.S.C § 1692c(c).

43. ALLIED cannot and does not file collection lawsuits in the State of Michigan.

44. The Letter is materially false, deceptive, and misleading to the least sophisticated consumer because consumers must often make difficult decisions about how to use scarce financial resources and it is plausible that the fear of accruing interest might influence the consumer's choice.

45. ALLIED's use of a form letter like the Letter—which falsely implies the Debt is increasing due to interest—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

46. ALLIED's use of a form letter like the Letter—which seeks to collect interest on the Debt when none it centrally or legally allowed—competitively disadvantages debt collectors who refrain from collecting such interest.

47. The Letter does not clearly and unambiguously state the amount of the Debt.

48. The Letter deprived Plaintiff of truthful, non-misleading, information in connection with ALLIED's attempt to collect a debt.

49. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

50. Consequently, on information and belief, Plaintiff caused the same form collection letter to be mailed to at least 40 other persons who, like SOLWAY, reside in Michigan.

## VI. CLASS ALLEGATIONS

51. ALLIED's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

53. ***Class Definition***. The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of ***Exhibit A*** to an address in the State of Michigan during the Class Period which begins on August 7, 2018 and ends on August 28, 2019

54. The identities of the Class members are readily ascertainable from ALLIED's business records and those entities on whose behalf ALLIED attempts to collect debts.

55. ***Class Claims***. The Class claims include all claims each Class member may have for a violation of the FDCPA arising from ALLIED having mailed a written communication in the form of ***Exhibit A*** to such Class member.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

57. ***Numerosity***. On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

58. ***Common Questions Predominate***. Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by ALLIED with respect to each Class member.

59. *Typicality*. The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by ALLIED.

60. *Adequacy*. Plaintiff will fairly and adequately protect the interests of the Class members insofar as he has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action.

61. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62. Based on discovery and further investigation (including, but not limited to, disclosure by ALLIED of class size and its net worth), Plaintiff may, in addition to moving for class certification using modified Class claims, Class definitions, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

63. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

64. ALLIED a "debt collector" as defined by 15 U.S.C. § 1692a(6).

65. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

66. SOLWAY is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

67.  ***Exhibit A*** is a "communication" as defined by 15 U.S.C. §1692a(2).

68.  ALLIED's use and mailing of ***Exhibit A*** in an attempt to collect the Debt violated the FDCPA in one or more of the following ways:

   (a)  Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. §1692e;

   (b)  Using a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. §§1692e(2)(A) and 1692e(2)(B);

   (c)  Threatening to take action which the collector cannot legally take, or which it does not intend to take, in violation of 15 U.S.C. §1692e(5);

   (d)  Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10);

   (e)  Using unfair or unconscionable means to collect or attempt to collect any debt including the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. §1692f(1);

   (f)  Failing to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1); and

   (g)  Failing to disclose the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

69.  The conduct of Defendant invaded the rights of Plaintiff that are protected by the FDCPA, the invasion of which caused an injury in fact.

70.  Based on a single violation of the FDCPA, Defendant is liable to Plaintiff for such relief as allowed under 15 U.S.C. §1692k.

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE, OR IN THE ALTERNATIVE, THE MICHIGAN COLLECTION PRACTICES ACT

71. The factual allegations in the preceding paragraphs are realleged and incorporated by referenced.

72. ALLIED is a "collection agency" as that term is defined in M.C.L. § 339.901(b).

73. Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

74. ALLIED's actions to collect from Plaintiff violated the MOC.

75. Plaintiff suffered damages as a result of ALLIED's violations of the MOC

76. ALLIED's violations of the MOC were willful.

## VIII. THIRD CAUSE OF ACTION
## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT, OR IN THE ALTERNATIVE, THE MICHIGAN OCCUPATIONAL CODE

77. The factual allegations in the preceding paragraphs are realleged and incorporated by referenced.

78. Plaintiff is a "debtor" as that term is defined in MCPA, M.C.L. § 445.251(d).

79. ALLIED is a "regulated person" as that term is defined in M.C.L. § 445.251(g).

80. ALLIED's actions to collect from Plaintiff violated the MCPA including, but not limited to, M.C.L. § 445.252(e), which prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

81. Plaintiff suffered damages as a result of ALLIED's violations of the MCPA

82. ALLIED's violations of the MCPA were willful.

## IX.  FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

83. The factual allegations in the preceding paragraphs are realleged and incorporated by referenced.

84. ALLIED Is a "debt collector" as defined by Cal. Civ. Code §1778.2(c).

85. Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

86. Plaintiff is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).

87. At all times relevant to the conduct alleged in this Complaint, ALLIED was each engaged in "debt collection" as defined by Cal. Civ. Code §1788.2(b).

88. The Debt is a "debt" as defined by Cal. Civ. Code §1788.2(d).

89. The Debt is a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

90. ALLIED's conduct violated the RFDCPA including, but not limited to, Cal. Civ. Code §§ 1788.13(e) and 1788.17.

91. Based on any one violation of the RFDCPA, ALLIED is liable to Plaintiff for damages (including any proven actual damages and additional damages) and reasonable attorneys' fees (including litigation expenses) and costs, as allowed under Cal. Civ. Code §§ 1788.17 and 1788.30.

## X. PRAYER FOR RELIEF

92. WHEREFORE, Plaintiff, respectfully requests the Court enter judgment against Defendant ALLIED, as follows:

*A.*    *With Respect to Count One*:

93. An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the

undersigned counsel to represent the Class as previously set forth and defined *supra*;

94. An award of the maximum statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

95. An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

96. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

97. An award of actual damages to Plaintiff and the Class to the extent the recovery of reasonable attorneys' fees and costs cause them to suffer a negative tax consequence; and

98. For such other and further relief as may be just and proper.

**B.** ***With Respect to Count Two***:

99. An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined *supra*;

100. An award of actual damages for Plaintiff and the Class including treble damages;

101. Attorney's fees, litigation expenses, and costs; and

102. For such other and further relief as may be just and proper.

**C.** ***With Respect to Count Three***:

103. An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined *supra*;

104. An award of actual damages for Plaintiff and the Class including treble damages;

105. Attorney's fees, litigation expenses, and costs; and

106. For such other and further relief as may be just and proper.

**D.** *With Respect to Count Four*:

107. An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined *supra*;

108. An award of the maximum statutory damages for Plaintiff and the Class pursuant to Cal. Civ. Code §1788.30(b);

109. An award of actual damages for Plaintiff and the Class pursuant to Cal. Civ. Code §1788.30(a);

110. Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c);

111. An award of actual damages to Plaintiff and the Class to the extent the recovery of reasonable attorneys' fees and costs cause them to suffer a negative tax consequence; and

112. For such other and further relief as may be just and proper

## XI. JURY DEMAND

113. Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted,

Dated: August 7, 2019

*s/Andrew T. Thomasson*
*Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone: (973) 379-7500
E-mail: Andrew@SternThomasson.com

*Attorneys for Plaintiff, Mark Solway*